IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Lauren Heffernan and Kayla Jenkins,<br><br>         Plaintiffs,<br><br>  - against –<br><br>Delta Airlines, Inc. and<br>Alliance Ground International, LLC,<br><br>         Defendants. | Civil Action No. 17-cv-898<br><br>***ELECTRONICALLY FILED*** |

### NOTICE OF REMOVAL

  Defendant Delta Air Lines, Inc. ("Delta"), by and through its counsel Morgan, Lewis & Bockius LLP, with the consent of Defendant Alliance Ground International, LLC ("AGI") (collectively "Defendants"), hereby removes this action from the Supreme Court of the State of New York, County of New York, where it is currently pending, to the United States District Court for the Southern District of New York. In support of this Notice of Removal, Defendants state as follows:

  1.  On January 5, 2017, Plaintiffs Lauren Heffernan and Kayla Jenkins commenced an action against Delta and AGI, entitled <u>Lauren Heffernan et al. v. Delta Airlines, Inc. et al.</u>, Index No. 150092/2017 (hereinafter "Case No. 150092/2017"), in the Supreme Court of the State of New York, County of New York.

  2.  On January 9, 2017, Delta and AGI were both served with a Summons and Complaint in Case No. 150092/2017, true and correct copies of which are attached hereto as Exhibit A.

  3.  Defendant AGI has consented to the removal of this action, a true and correct copy of which is attached hereto as Exhibit B.

4. No other proceedings have been held in the Supreme Court of the State of New York, County of New York, and the Summons and Complaint constitute all processes and pleadings served upon Defendants in this case.

5. Case No. 150092/2017 is a civil action asserting claims under the New York City Human Rights Law wherein Plaintiffs seek compensatory damages, including but not limited to, actual damages, statutory damages, damages resulting from emotional anguish, and punitive damages. See Complaint at ¶¶ 63-65, 72-74, 81-83, and 90-92.

6. Plaintiff Lauren Heffernan's last known address is in Elmhurst, NY. Upon information and belief, Lauren Heffernan is, therefore, for the purpose of removal, a citizen of New York.

7. Plaintiff Kayla Jenkin's last known address is in Ozone Park, NY. Upon information and belief, Kayla Jenkins is, therefore, for the purpose of removal, a citizen of New York.

8. Defendant Delta is a Delaware corporation with its principal place of business in Atlanta, Georgia. Defendant Delta is, therefore, for the purpose of removal, and pursuant to 28 U.S.C. § 1332(c), a citizen of Delaware and Georgia.

9. Defendant AGI is a Florida Limited Liability Company with its principal place of business in Coral Gables, Florida. Defendant AGI is, therefore, for the purpose of removal, and pursuant to 28 U.S.C. § 1332(c), a citizen of Florida.

10. The amount in controversy is clearly greater than $75,000. Plaintiffs demand a total of $20 million, plus additional claims for attorneys' costs and fees and prejudgment interest. See Complaint ¶¶ 63-65, 72-74, 81-83, and 90-92.

11. Pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441, Plaintiffs' state court action may be removed to federal district court, because the amount in controversy exceeds $75,000 and there is complete diversity of citizenship between Plaintiffs and Defendants.

12. Plaintiffs' state court action, which was commenced in the Supreme Court of the State of New York, County of New York, may be removed to the United States District Court for the Southern District of New York because it is the federal district court which embraces New York County within its jurisdiction. Notice of removal of this action will be given to the Supreme Court for the County of New York by the filing in state court of the Notice of Filing of Removal of Action to the United States District Court for the Southern District of New York (hereinafter "Notice of Filing of Removal").

13. This Notice of Removal is filed within thirty (30) days of service of the Complaint and is, therefore, timely filed pursuant to 28 U.S.C. §1446.

14. A copy of this Notice of Removal has been served upon Plaintiffs by Federal Express and a copy of this Notice of Removal is being filed in the Supreme Court for the State of New York, County of New York, pursuant to 28 U.S.C. § 1446, as an attachment to the aforementioned Notice of Filing of Removal.

15. By filing a Notice of Removal in this matter, Defendants do not waive their right to assert any and all defenses and/or objections in this case.

WHEREFORE, for all the foregoing reasons, Defendant Delta Air Lines, Inc., respectfully requests that the above-captioned action be removed from the Supreme Court of the State of New York and that this Court exercise jurisdiction over further proceedings.

Dated: New York, NY
      February 7, 2017

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

By: _____
Ira G. Rosenstein
101 Park Avenue
New York, New York 10178
Telephone: (212) 309-6000
Facsimile: (212) 309-6001
irosenstein@morganlewis.com

*Attorneys for Defendant*
*Delta Air Lines, Inc.*

## CERTIFICATE OF SERVICE

I, Nicole M. Zito, hereby certify that on February 7, 2017, a true and correct copy of the foregoing Notice of Removal was served via Federal Express upon the following:

Davida S. Perry
Brian Heller
Schwartz Perry & Heller LLP
295 Madison Avenue
New York, NY 10017

*Attorneys for Plaintiffs*

Leonard D. Kirsch
McBreen & Kopko
500 North Broadway, Suite 129
Jericho, New York 11753

*Attorneys for Defendant
Alliance Ground International, LLC*

/s/ Nicole Zito
Nicole M. Zito